UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
PINCHAS RINGEL on behalf of himself and
all other similarly situated consumers

                    Plaintiff,

      -against-

VIKING CLIENT SERVICES, INC.

                  Defendant.

------------------------------------------------------------

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   NOV 27 2012   ★

LONG ISLAND OFFICE

**CV-12 5819**

**SUMMONS ISSUED**

WEINSTEIN, J

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Pinchas Ringel seeks redress for the illegal practices of Viking Client Services, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Eden Prairie, Minnesota.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

-1-

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Allegations Particular to Pinchas Ringel

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about September 6, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter stated in pertinent part as follows: "If you send us 30% of the balance listed above we will accept it as settlement for this account. Our client has agreed to this arrangement, so once your payment is received they will not pursue collection of the remaining balance.

12. The letter continues to state in the concluding paragraph: "Any payments or credits in excess of the agreed settlement amount will be applied against the account's outstanding balance."

13. Said letter is contradictory and outrageous, as the initial paragraphs of the letter lead the debtor to assume that once the agreed settlement has been paid in full, the account would be considered settled; while a succeeding paragraph in letter seems to suggest that if the

debtor is to make a mistake and pay more than the settlement amount agreed upon, the excess monies would go towards the amount already forgiven in the settlement.

14.    The Defendant's said statements constitute a deceptive and misleading representation or means used in connection with the collection of a debt, in violation of the FDCPA, §§1692e and 1692e(10).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

15.    Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through fourteen (14) as if set forth fully in this cause of action.

16.    This cause of action is brought on behalf of Plaintiff and the members of a class.

17.    The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter on or about September 6, 2012 (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff, sent within one year prior to the date of the within complaint (b) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Chase Bank USA, NA; and (c) the collection letter was not returned by the postal service as undelivered (a) that the Defendant made deceptive and misleading representation in said letter in violation of 15 U.S.C. §§ 1692e, and 1692e(10).

18.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

-3-

(A) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

19.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

20. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

21. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

22. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

23. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the Defendant and award damages as follows:

>   (a)   Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

>   (b)   Attorney fees, litigation expenses and costs incurred in bringing this action; and

>   (c)   Any other relief that this Court deems appropriate and just under the circumstances.

>   Dated: Cedarhurst, New York
>   November 20, 2012

-5-

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

-6-



SDVIKIIO
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED



7500 Office Ridge Circle
Eden Prairie MN 55344-3678

(952) 944-7575 ♦ 800 226 6951

September 6, 2012

MAIL ALL CORRESPONDENCE TO:

VIKING CLIENT SERVICES, INC.
PO Box 59207
Minneapolis MN 55459-0207

FW7426/329/CHA50/E3 -097       867234298
Pinchas  Ringel
1270 47th St
Brooklyn NY 11219-2564

Account #:    FW7426
Amount Due: $2060.95

| Past Due Balance |
|---|

***Detach Upper Portion And Return With Payment***

VCS Account #: FW7426

Original Creditor:  FIRST USA

| Creditor | Account # | Amount Owed |
|---|---|---|
| CHASE BANK USA, N.A. | XXXXXXXXXXXXX3881 | $2060.95 |

Since it appears you have not been able to come up with the funds to pay the above account in full, we would like to offer you an opportunity to resolve this matter and at the same time save yourself some money.

If you will send us 30% of the balance listed above we will accept it as settlement for this account. Our client has agreed to this arrangement, so once your payment is received they will not pursue collection on the remaining balance.

This payment must be received in our office by the 25th day of the current month. Should you need additional time to respond to the offer, please phone us at 800 226 6951 prior to that date to make other arrangements.

Sincerely,

ANDREW COLEMAN
Viking Client Services, Inc.
800 226 6951

MEMBER

ACA
INTERNATIONAL
The Association of Credit
and Collection Professionals

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

Chase Bank USA, NA, is required by the IRS to provide information about certain amounts that are discharged as a result of a debt on a form 1099C. If Chase Bank USA, NA is required to notify the IRS, you will receive a copy of the form 1099C that is filed with the IRS. Any payments or credits in excess of the agreed settlement amount will be applied against the account's outstanding balance.

If you wish to pay online, please go to www.payvcs.com or contact us at 800 226 6951 for more information.

  

New York City Department of Consumer Affairs License Number - #0987255.
1SDVIKI10097 (E3)